Anthony NESBIT, Plaintiff–Appellant,

v.

HFC DENTAL DEPARTMENT; et
al., Defendants–Appellees.

No. 06–15549.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Anthony Nesbit, Tutwiler, MS, pro se.

John M. Cregor, Jr., Esq., Cindy S. Inouye, Esq., AGHI—Office of the Hawaii Attorney General, Honolulu, HI, for HFC Dental Department, John F. Peyton, Frank Lopez, Wesley Mun, June Tavares, Deborah Stampfle, Department of Public Safety, State of Hawaii, James L. Propotnick.

Arthur F. Roeca, Esq., April Luria, Roeca Louie & Hiraoka, Honolulu, HI, for Kay Bauman.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Mississippi state prisoner Anthony Nesbit appeals pro se from the district court's

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and may affirm on any ground supported by the record, *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir.2003). We affirm.

The district court properly granted summary judgment to defendant Bauman on Nesbit's deliberate indifference claim because Nesbit failed to create a triable issue of fact as to whether Bauman was deliberately indifferent to his medical need when she promptly forwarded his complaint to the appropriate administrator. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (explaining that an inmate must show both a serious medical need and that defendant's response was deliberately indifferent).

The district court properly granted summary judgment to defendants Tavares and Stampfle because Nesbit failed to create a triable issue of fact as to whether either defendant denied, delayed, or interfered with the level of dental care he was entitled to receive. *Id.* at 1096 (prison officials demonstrate deliberate indifference when they are aware of the patient's condition but deny, delay or intentionally interfere with medical treatment).

Defendants Bauman, Peyton, Propotnik, Mun, and Lopez are entitled to Eleventh Amendment immunity from suit based on Nesbit's claims that they improperly approved the dental plan. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382 n. 5 (9th Cir.1988) ("A claim alleged against a state officer acting in his official capacity is treated as a claim against the state itself.").

The district court properly granted summary judgment on Nesbit's equal protection claim because there was no triable issue of fact as to whether defendants discriminated against Nesbit based on his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.2005) (explaining that, to state an equal protection claim, plaintiff must allege that defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

The district court did not abuse its discretion in denying Nesbit's motions to compel discovery because Nesbit has not shown how allowing additional discovery would have precluded summary judgment. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir.2006).

The district court did not err by refusing to review Nesbit's state law claims after dismissing the federal claims. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir.2001).

Nesbit's remaining contentions are unpersuasive.

**AFFIRMED.**